UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HI TIEN LONG,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID W. JENNINGS, et al.,<br><br>    Defendants. | Case No. 5:18-cv-01830-HRL<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Hi Tien Long is in the custody of the U.S. Immigration and Customs Enforcement (ICE) at the Rio Consumnes Correctional Center in Elk Grove, California. Long has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Under that statute, a district court may entertain a petition for a writ of habeas corpus if the petitioner is in "custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). Courts should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d

490, 491 (9th Cir. 1990).

Long alleges that he was born in Hong Kong, China and entered the United Sates in 1981. He further alleges that ICE has attempted several times to remove him to China, with his cooperation, but that China has delayed or refused to cooperate in the repatriation process. Under *Zadvydas*, "an alien's post-removal-period detention [is limited] to a period reasonably necessary to bring about that alien's removal from the United States," and may not be indefinite. *Id.* at 689; *see also Nadarajah v. Gonzales*, 443 F.3d 1069, 1078 (9th Cir. 2006) ("[I]mmigration detention statutes do not authorize the Attorney General to incarcerate detainees for an indefinite period. Rather, . . . the statutes at issue permit detention only while removal remains reasonably foreseeable").

Long asserts the following claims for habeas corpus relief: (1) violation of the Immigration and Nationality Act, 8 U.S.C. Section 1231(a)(6), alleging that respondents lack statutory authority to detain him indefinitely; and (2) violation of his Fifth Amendment right to substantive due process. Liberally construed, the claims appear colorable under 28 U.S.C. § 2241 and merit an answer from respondents.

Based on the foregoing and for good cause shown:

1. The Clerk of the Court shall serve a copy of this order, the petition, and all attachments thereto, on respondents. The Clerk shall also serve a copy of the "Consent or Declination to Magistrate Judge Jurisdiction" form upon respondents.
2. By May 25, 2018, respondents shall respond by answering the allegations and showing cause why a writ of habeas corpus should not issue.
3. Petitioner's traverse, opposition, or statement of non-opposition shall be filed by June 15, 2018.
4. The matter will be taken under submission, or set for hearing, in the court's discretion.

SO ORDERED.

Dated: March 29, 2018

_____
HOWARD R. LLOYD
United States Magistrate Judge